UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELROY ASKINS,

                    Plaintiff,

            -against-

MARLENE SANTOS; ROBERT SANTOS,

                    Defendants.

22-CV-0817 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated February 2, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Delroy Askins brings his claims using the court's general form complaint. He checks the box on the form to invoke the Court's federal question jurisdiction, and in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "My Civil Rights, My Constitutional Rights, & My Human Rights have been violated by these individuals." (ECF 2, at 2.) Plaintiff sues his sister Marlene Santos ("Marlene") and Marlene's husband Robert Santos ("Robert"). He alleges that the events giving rise to his claims occurred in November 2020 at an address in Manhattan. (*Id.* at 5.)

This action appears to arise from a dispute between Plaintiff and Marlene regarding their deceased mother Frances. The following allegations are taken from the complaint, which is often disjointed and confusing. Plaintiff suggests that he did not like the way Marlene treated their mother and that Marlene was upset at Plaintiff "because she not stand the fact that I wanted to protect our mother during some difficult times in her later years." (*Id.* at 8.) Plaintiff writes that Marlene caused him "[p]sychological, [e]motional, and [p]hysical pain" when she

> attacked me giving me a blow to my neck. I pulled my phone out to call 911, then a reaction came from her "stating you hit me" most of the people that were in the apartment looked at me like, Yes we will back her up, I hung the phone up. Keep in mind that a correction officer was present, home health aides, so-called Social Worker who mislead her Job/State/Unemployment Agencies but realized that here is a video I'm in possession of and may be used as this complaints move forward.

(*Id.*)

Plaintiff alleges that he was attacked because he wanted to "help My Mom get better." (*Id.*) When Plaintiff started "seeking information from Doctors, Therapist, Registered Nurses, and the Social worker," Marlene "became enrage[d] and acted out in an abusive and neglectful way." (*Id.*) Marlene told "Manhattan North Management to stop speaking to" Plaintiff, even though Plaintiff "had [a] court order to deal with [his] mom's housing situations," and

"management" knew who Plaintiff was and "never had a problem" with him. (*Id.*) Marlene locked Plaintiff out of their mother's apartment even though Plaintiff "had keys for over about 15 years." (*Id.*) Plaintiff alleges that his sister "and her comrades calculated that because [he is] in a wheelchair nobody is going to listen to [him], because people with disabilities doesn't matter and they can be treated any kind of way." (*Id.*)

Plaintiff alleges that his sister "assault[ed]" him because he expressed "some serious legitimate concerns regarding our mother's business." (*Id.* at 9.) "That is why Marlene decided to violate my rights, lied about what her intentions was to the Doctor, and at the same time treated Our Mother the way she did." (*Id.*) Plaintiff accuses his sister of "being Neglectful and doing what NO Reasonable Individual would have done after a Physician's analysis." (*Id.*)

Plaintiff alleges that he has suffered psychological and emotional pain and suffering "that continues to this day." (*Id.*)

Plaintiff seeks money damages but states that "[a]ll monetary proceeds that come out of this case . . .will be donated" and that "[n]ot one cent will go to [Plaintiff]." (*Id.*) He also asks the Court to "order [M]arlene to reveal the names of everyone that was present in the apartment on November 2, 2020 so that they can be searved [sic]." (*Id.*)

Plaintiff attaches to the complaint a September 30, 2020 letter from his mother's doctor that lists his mother's medical conditions and states that she should not be traveling or leaving the state. (*See id.* at 10-11.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182,

1188-89 (2d Cir. 1996). Although Plaintiff invokes the Court's federal question jurisdiction, he

does not identify any federal law under which his claims arise, and his factual allegations,

construed liberally, do not suggest a plausible federal cause of action.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction

over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 22-CV-0817 (LTS). A declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction over this action, the complaint will be dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    February 7, 2022
          New York, New York

                              _____
                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____  CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                                  Signature

_____

Name                                                Prison Identification # (if incarcerated)

_____

Address                      City              State       Zip Code

_____

Telephone Number (if available)                     E-mail Address (if available)